**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NANCY LARSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-2147 |
| | ) | |
| SETERUS, INC. and JOHNSON BLUMBERG | ) | Judge John J. Tharp, Jr. |
| & ASSOCIATES, LLC, | ) | |
| | ) | Magistrate Judge Daniel G. Martin |
| Defendants. | ) | |

**DEFENDANT, JOHNSON, BLUMBERG & ASSOCIATES, LLC,'S,**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINITFF'S COMPLAINT**

NOW COMES one of the Defendants, JOHNSON BLUMBERG & ASSOCIATES, LLC

("Defendant"), by its attorneys, Justin M. Penn and Louis J. Manetti, Jr. of Hinshaw & Culbertson

LLP, and for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

**NATURE OF THE CASE**

1.      This action arises from Seterus failing to extend an offer for a loan modification to

Plaintiff after she had complied with all requirements and directions she received from Seterus.  She

made her trial payments and awaited any further instructions, but none came.  So she continued to

make her monthly payments in the trial period amount, believing that the modification process had

been successful.

**ANSWER:    Defendant admits that Plaintiff brings this lawsuit based on**

**allegations surrounding a loan modification. Defendant denies any wrongdoing, denies that**

**it is liable to Plaintiff, and denies the remaining allegations contained in this paragraph, if**

**any.**

2.      Seterus confirmed her belief regarding the success of the loan modification. Plaintiff

regularly made her payments to Seterus over the phone.  On these calls, Seterus' agents dictated to

Plaintiff the amount she must pay—the same amount as dictated during the trial period—and assured her this amount was all that was due. Seterus' agents never informed her that anything further was needed to complete the modification. Seterus followed up these telephonic payments with confirmation letters, which Seterus sent to Plaintiff at the mortgaged property where she lived.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

3.      Despite the assurances from Seterus' agents and the myriad payment confirmation letters, Seterus was keeping Plaintiff in the dark regarding the status of her loan modification. In fact, unbeknownst to Plaintiff, Seterus required that Plaintiff execute another set of documents, including a permanent modification agreement, to complete the modification. Without completing this step, Seterus would keep Plaintiff's mortgage in default and commence foreclosure proceedings. But Seterus never told Plaintiff about this requirement—not via letter, or email, or in any of the various calls that Plaintiff had with Seterus' agents. Instead, after convincing Plaintiff for nearly ten months that she had completed a successful modification, Seterus denied Plaintiff's loan modification application for failure to comply with a requirement that Plaintiff never communicated to Plaintiff. Then Seterus referred Plaintiff's account to foreclosure.

**ANSWER:** **Defendant admits that Seterus referred Plaintiff's loan to Defendant for foreclosure. Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.**

4.      Plaintiff now brings this action for damages related to Seterus' misconduct in the loan modification process, and from JBA's false statements in the foreclosure action that followed. Plaintiff's claims arise under the Real Estate Settlement Procedures Act ("RESPA"), the Fair Debt Collection Practices Act ("FDCPA"), and the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA").

2

**ANSWER:** Defendant admits that Plaintiff brings this lawsuit under RESPA, the FDCPA, and the ICFA. Defendant denies that it violated those statutes, denies any wrongdoing, denies that it is liable to Plaintiff, denies that it made false statements, and denies the remaining allegations contained in this paragraph, if any.

PARTIES

5.      Plaintiff is a natural person who resides at 1824 Prairie Avenue, Downers Grove, Illinois 60515 (the "subject property").

**ANSWER:** Upon information and belief, Defendant admits that Plaintiff is a natural person. Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth Plaintiff's town and state of residence.

6.      Plaintiff and her former husband, James Larson, purchased the subject property in 2005 as their primary family residence.

**ANSWER:** Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

7.      Seterus is a Delaware corporation with its principal place of business at 14523 SW Millikan Way, #200, Beaverton, Oregon.

**ANSWER:** Defendant admits that Seterus is a Delaware corporation, and that one of its offices is at 14523 SW Millikan Way, #200, in Beaverton, Oregon.

8.      Seterus does business throughout the State of Illinois, including in this District.

**ANSWER:** Upon information and belief, Defendant admits the allegations contained in this paragraph.

9.      Seterus acts as a servicer of mortgage loans and is the servicer of Plaintiff's mortgage on the subject property.

301892470v1 1007977

**ANSWER:** Defendant admits that, at one point, Seterus was the servicer for Plaintiff's mortgage loan. Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph, if any.

10. Seterus is a "debt collector" under § 1692a(6) of the FDCPA because (a) it regularly collects debts and uses the mail or telephones to collect delinquent consumer accounts, (b) the principal purpose of its business is to collect debts, (c) it regularly collects debts owed to another party, and (d) it treated Plaintiff's mortgage loan as in default when it acquired servicing rights to the subject loan.

**ANSWER:** Defendant objects to the allegations in this paragraph to the extent that they call purely for legal conclusions to which no response is required. To the extent a response is required, upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

### FACTS SUPPORTING CAUSES OF ACTION

A. **Plaintiff divorces James Larson and takes sole responsibility for the mortgage**

11. Plaintiff was previously married to James Larson, who is identified as a co-borrower under the mortgage loan secured by the subject property (the "subject loan").

**ANSWER:** Defendant admits that James Larson was listed as a co-borrower on the mortgage loan. Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph, if any.

12. Plaintiff completed her divorce from James Larson on February 24, 2011, at which time the Circuit Court for the Eighteenth Judicial Circuit entered a judgment for the dissolution of the marriage between Plaintiff and James Larson (the "Divorce Judgment").

301892470v1 1007977

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

13. The Divorce Judgment incorporated by reference that certain Marital Settlement Agreement by and between Plaintiff and James Larson, dated February 24, 2011 (the "Divorce Agreement").

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

14. Pursuant to the Divorce Agreement, James Larson delivered to Plaintiff a Quit Claim Deed for the subject property, conveying all his right, title, and interest in the subject property to Plaintiff.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

15. The Quit Claim Deed was recorded as document number R2011-030909 with the DuPage County Recorder of Deeds on March 3, 2011.

**ANSWER:** **Upon information and belief, Defendant admits the allegations contained in this paragraph.**

16. Also pursuant to the Divorce Agreement, Plaintiff became solely responsible for paying the subject loan following the conveyance of the Quit Claim Deed from James Larson to Plaintiff.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

**B.** **Plaintiff modifies the subject loan without any involvement from her ex-husband**

17. In September 2012, Plaintiff applied for a modification of the subject loan (the "First Modification").

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

18.     At that time, the owner and holder of the subject loan was JPMorgan Chase Bank, N.A. ("Chase").

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

19.     When making the application for the First Modification, Plaintiff provided only information relating to her own finances, and not those of James Larson.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

20.     When making the application for the First Modification, Plaintiff did not identify James Larson as a co-borrower on the subject loan, because only she was responsible for the subject loan pursuant to the Divorce Agreement.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

21.     Chase did not require information on James Larson's finances or require that James Larson be included as a co-borrower in the First Modification application process because, upon information and belief, Chase knew that Plaintiff had divorced James Larson, that Plaintiff was the sole owner of the subject property, and that Plaintiff was solely responsible for paying the subject loan.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

22.     James Larson did not complete or sign any papers in connection with the First Modification.

301892470v1 1007977

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

23.     Plaintiff's application for the First Modification was accepted, without the participation, signature, or approval of James Larson, and Plaintiff entered into a trial payment period on or about November 2012.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

24.     Plaintiff made, and Chase accepted, Plaintiff's trial period payments.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

25.     After completing the trial payment period, Plaintiff entered into that certain Loan Modification Agreement for the First Modification (the "First Modification Agreement").

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

26.     Chase sent the First Modification Agreement to Plaintiff at the subject property to sign and return.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

27.     Although the First Modification Agreement identified both Plaintiff and James Larson as borrowers, only Plaintiff signed the First Modification Agreement.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

28.     Chase counter-signed the First Modification Agreement and the First Modification Agreement became effective without the signature of James Larson.

301892470v1 1007977

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

29.     Chase did not require James Larson's signature on the First Modification Agreement because, upon information and belief, Chase knew that Plaintiff had divorced James Larson, that Plaintiff was the sole owner of the subject property, and that Plaintiff was solely responsible for paying the subject loan.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

30.     All correspondence related to the First Modification was sent to Plaintiff at the subject property.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

31.     Upon information and belief, no correspondence related to the First Modification was sent to James Larson or was sent to any address other than the address of the subject property.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

**C.**     **Plaintiff applies for a second modification, again without the involvement of her ex-husband**

32.     In late 2015 and early 2016, Plaintiff experienced financial hardship and fell behind on her payments and defaulted on the modified subject loan.

**ANSWER:** **Defendant admits that at one point Plaintiff defaulted on her loan. Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph, if any.**

33.     In early 2016, Plaintiff decided to seek another modification of the subject loan due to her financial hardship.

301892470v1 1007977

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

34. Effective March 1, 2016, Chase transferred servicing rights on the subject loan to Seterus, Inc. ("Seterus").

**ANSWER:** **Upon information and belief, Defendant admits the allegations contained in this paragraph.**

35. On or about March 14, 2016, Plaintiff applied for a second modification of the subject loan (the "Second Modification").

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

36. As with the First Modification, the information provided to Seterus for the Second Modification included only information relating to Plaintiff's own finances, and not those of James Larson.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

37. The application materials submitted to Seterus for the Second Modification did not include James Larson and did not contain his signature.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

38. On or about March 21, 2016, Plaintiff provided additional information to Seterus for the Second Modification application, which also included only information relating to Plaintiff's own finances, and not those of James Larson.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

301892470v1 1007977

39.     These additional application materials submitted to Seterus did not include James Larson and did not contain his signature.

**ANSWER:     Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

40.     On or about April 18, 2017, Plaintiff provided additional information about Plaintiff's finances to Seterus, for the Second Modification application, which also included only information relating Plaintiff's own finances, and not those of James Larson.

**ANSWER:     Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

41.     These additional application materials submitted to Seterus did not include James Larson and did not contain his signature.

**ANSWER:     Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

42.     On April 22, 2017, Plaintiff was notified that Seterus had received all the documents for the Second Modification application and that nothing further was required at that time.

**ANSWER:     Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

43.     All the information submitted to Seterus in connection with the Second Modification indicated that Plaintiff was the only person applying for the modification.

**ANSWER:     Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

44.     None of the information in connection with the Second Modification submitted to Seterus indicated that James Larson was part of the Second Modification application process in any way.

301892470v1 1007977

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

45. On or about April 29, 2017, Seterus determined that the Second Modification application was complete.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

46. Seterus deemed the Second Modification application to be complete without any information regarding James Larson's finances, without any application documents signed by James Larson, and with all relevant documents indicating that Plaintiff was the only person applying for the modification.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

47. Seterus subsequently agreed to move forward with the Second Modification, subject to the completion of a three-month trial payment period, during which Plaintiff was required to make the payments of $1,564.65 for three consecutive months.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

48. Seterus sent the notification regarding the trial payment period to Plaintiff at the subject property.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

49. The trial payment period included the monthly payments due in June, July, and August 2016.

301892470v1 1007977

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

**D.** **Plaintiff completes the trial payments for the Second Modification, but Seterus inexplicably sends documents to make the modification permanent to Plaintiff's ex-husband's bankruptcy attorney, without any notice to Plaintiff**

50.     On June 1, 2016, Plaintiff made the first trial period payment to Seterus.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

51.     Seterus sent a letter confirming that the payment was made dated June 2, 2016. The letter was sent to Plaintiff at the subject property.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

52.     Plaintiff timely made, and Seterus accepted, the two other trial period payments in July and August 2016.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

53.     By timely making the June, July, and August 2016 monthly payments, Plaintiff completed the trial payment period and the Second Modification was qualified to become a permanent, binding modification.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

54.     Although Plaintiff completed the trial payment period, Seterus did not send Plaintiff any further paperwork regarding the Second Modification.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

301892470v1 1007977

55.     Instead, on August 11, 2016, Seterus sent a letter with further instructions on how to make the Second Modification a permanent modification, along with a Home Affordable Modification Agreement for the Second Modification (the "Second Modification Agreement"), to Paul Sheils, a bankruptcy attorney with offices in Hinsdale, Illinois.

**ANSWER:     Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

56.     Mr. Sheils represented James Larson in a chapter 7 bankruptcy case that James Larson commenced on July 10, 2016, styled as *In re James L. Larson*, Case No. 16-22128, Bankr. N.D. Ill.

**ANSWER:     On information and belief, Defendant admits the allegations contained in this paragraph.**

57.     Plaintiff was not a party to the bankruptcy case and was not a debtor in bankruptcy at any times relevant to this case.

**ANSWER:     Defendant admits that Plaintiff was not a party to James Larson's bankruptcy proceeding. Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.**

58.     Mr. Sheils did not represent Plaintiff in the bankruptcy case or in any other matter.

**ANSWER:     Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

59.     Plaintiff never sent Seterus any notification that Mr. Sheils represented Plaintiff in any capacity or that Seterus had authorization to communicate with Mr. Sheils.

**ANSWER:     Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

301892470v1 1007977

60.    Seterus did not send a copy of the Second Modification Agreement to Plaintiff at that time.

**ANSWER:    Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

61.    Seterus did not send a copy of the Second Modification Agreement to the subject property, even though Seterus had sent communications relating to the Second Modification Agreement's trial period and payments to the subject property address.

**ANSWER:    Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

62.    Plaintiff had no reason to believe that Seterus had ceased sending her communications or correspondence regarding the subject loan or the Second Modification.  Seterus did not inform or attempt to inform Plaintiff that communications and correspondence would not be sent to her or to the subject property.

**ANSWER:    Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

63.    Because Plaintiff had not provided any information regarding James Larson to Seterus, in connection with the First Modification or the Second Modification, Plaintiff did not believe that James Larson was involved in any way with the Second Modification.

**ANSWER:    Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

64.    Seterus sent the August 11, 2016 letter and related materials to Mr. Sheils even though James Larson had not participated in any way in the First Modification or Second Modification application process, had not been identified by Plaintiff as a co-borrower during such

301892470v1 1007977

processes, and had not signed any paperwork in connection with the First Modification or Second Modification.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

65. Neither Mr. Sheils nor James Larson informed Plaintiff that they had received correspondence of any kind from Seterus.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

66. Upon information and belief, Mr. Sheils and James Larson did not inform Plaintiff regarding communications from Seterus because they believed that Seterus was also sending those communications to Plaintiff and to the subject property.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

67. Since Plaintiff received no further communications from Seterus following her successful completion of the trial period payments, Plaintiff believed that the Second Modification was successful and that she should continue making payments.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

**E.** **Plaintiff continues making monthly payments to Seterus, which Seterus accepts; Seterus' employees confirm with Plaintiff that these monthly payments are what she owes on the subject loan, without mentioning any defaults or problems with the Second Modification**

68. Plaintiff timely made, and Seterus accepted, payment in the amount of $1,564.65 for the payment on the subject loan due September 2016.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

301892470v1 1007977

69.     Even after making the September 2016 payment, Plaintiff was given no notice that the Second Modification had failed or been denied, or that she was delinquent on the subject loan.

**ANSWER:     Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

70.     Plaintiff timely made, and Seterus accepted, payment in the amount of $1,564.65 for the payment on the subject loan due October 2016.

**ANSWER:     Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

71.     Plaintiff made the October 2016 payment by telephone and spoke with a representative of Seterus.

**ANSWER:     Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

72.     The Seterus representative asked several questions about bankruptcy, and Plaintiff responded that she had not filed bankruptcy, that it was her ex-husband who had filed bankruptcy, and that he was not responsible for making payments on the subject loan.

**ANSWER:     Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

73.     The Seterus representative did not mention the Second Modification Agreement or inform Plaintiff that there were any issues with the Second Modification.

**ANSWER:     Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

74.     The Seterus representative did not tell Plaintiff that Seterus considered her delinquent on the subject loan, or behind on any payments due on the subject loan.

301892470v1 1007977

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

75. The Seterus representative instead informed Plaintiff that the full amount due for the October 2016 payment was $1,564.65, and asked Plaintiff if she wanted to pay the full amount from the bank account that Seterus had on file.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

76. Plaintiff confirmed that she wanted to pay the full amount due that month and agreed to have the full amount debited from her bank account.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

77. Seterus followed up with a letter dated October 18, 2016, confirming Plaintiff's telephonic payment. The confirmation letter was sent to Plaintiff at the subject property.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

78. Since Plaintiff received correspondence regarding the subject loan at the subject property in October 2016, Plaintiff had no reason to believe that Seterus was sending important information or documents to any other person or any other address.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

79. Plaintiff timely made, and Seterus accepted, payment in the amount of $1,564.65 for the payment on the subject loan due November 2016.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

301892470v1 1007977

80. Plaintiff was given no notice that the payment for November 2016 was less than the amount owed for November 2016, that the Second Modification had not become permanent, or that she was delinquent on the subject loan.

**ANSWER: Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

81. Plaintiff made the November 2016 payment by telephone and spoke with a representative of Seterus.

**ANSWER: Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

82. The Seterus representative asked several questions about bankruptcy, and Plaintiff responded that she had not filed bankruptcy, that it was her ex-husband who had filed bankruptcy, and that he was not responsible for making payments on the subject loan.

**ANSWER: Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

83. The Seterus representative did not mention the Second Modification Agreement or inform Plaintiff that there were any issues with the Second Modification when Plaintiff called to make the November 2016 payment.

**ANSWER: Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

84. The Seterus representative did not tell Plaintiff that Seterus considered her delinquent on the subject loan, or behind on any payments due on the subject loan.

**ANSWER: Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

301892470v1 1007977

85.     The Seterus representative instead informed Plaintiff that the full amount due for the November 2016 payment was $1,564.65, and asked Plaintiff if she wanted to pay the full amount from the bank account that Seterus had on file.

**ANSWER:     Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

86.     Plaintiff confirmed that she wanted to pay the full amount due that month and agreed to have the full amount debited from her bank account.

**ANSWER:     Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

87.     Seterus followed up with a letter dated November 18, 2016, confirming Plaintiff's telephonic payment.  The confirmation letter was sent to Plaintiff at the subject property.

**ANSWER:     Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

88.     Since Plaintiff received correspondence regarding the subject loan at the subject property in November 2016, Plaintiff had no reason to believe that Seterus was sending important information or documents to any other person or any other address.

**ANSWER:     Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

89.     Plaintiff timely made, and Seterus accepted, payment in the amount of $1,564.65 for the payment on the subject loan due December 2016.

**ANSWER:     Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

301892470v1 1007977

90. Even after making the December 2016 payment, Plaintiff was given no notice that the payment for December 2016 was less than the amount owed for December 2016, that the Second Modification had not become permanent, or that she was delinquent on the subject loan.

**ANSWER: Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

91. Plaintiff timely made, and Seterus accepted, payment in the amount of $1,574.65 for the payment on the subject loan due January 2017.

**ANSWER: Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

92. Plaintiff made the January 2017 payment by telephone and spoke with a representative of Seterus.

**ANSWER: Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

93. The Seterus representative asked several questions about bankruptcy, and Plaintiff responded that she had not filed bankruptcy, that it was her ex-husband who had filed bankruptcy, and that he was not responsible for making payments on the subject loan.

**ANSWER: Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

94. The Seterus representative did not mention the Second Modification Agreement or inform Plaintiff that there were any issues with the Second Modification.

**ANSWER: Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

95. The Seterus representative did not tell Plaintiff that Seterus considered her delinquent on the subject loan, or behind on any payments due on the subject loan.

301892470v1 1007977

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

96. The Seterus representative instead informed Plaintiff that the full amount due for the January 2017 payment was $1,574.65, and asked Plaintiff if she wanted to pay the full amount from the bank account that Seterus had on file.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

97. Plaintiff confirmed that she wanted to pay the full amount due that month and agreed to have the full amount debited from her bank account.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

98. Seterus followed up with a letter dated January 16, 2017, confirming Plaintiff's telephonic payment. The confirmation letter was sent to Plaintiff at the subject property.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

99. Since Plaintiff received correspondence regarding the subject loan at the subject property in January 2017, Plaintiff had no reason to believe that Seterus was sending important information or documents to any other person or any other address.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

100. Plaintiff timely made, and Seterus accepted, payment in the amount of $1,574.65 for the payment on the subject loan due February 2017.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

301892470v1 1007977

101.    Plaintiff made the February 2017 payment by telephone and spoke with a representative of Seterus.

**ANSWER:    Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

102.    The Seterus representative asked several questions about bankruptcy, and Plaintiff responded that she had not filed bankruptcy, that it was her ex-husband who had filed bankruptcy, and that he was not responsible for making payments on the subject loan.

**ANSWER:    Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

103.    The Seterus representative did not mention the Second Modification Agreement or inform Plaintiff that there were any issues with the Second Modification when Plaintiff called to make the February 2017 payment.

**ANSWER:    Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

104.    The Seterus representative did not tell Plaintiff that Seterus considered her delinquent on the subject loan, or behind on any payments due on the subject loan.

**ANSWER:    Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

105.    The Seterus representative instead informed Plaintiff that the full amount due for the February 2017 payment was $1,574.65, and asked Plaintiff if she wanted to pay the full amount from the bank account that Seterus had on file.

**ANSWER:    Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

301892470v1 1007977

106.     Plaintiff confirmed that she wanted to pay the full amount due that month and agreed to have the full amount debited from her bank account.

**ANSWER:     Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

107.     Seterus followed up with a letter dated February 15, 2017, confirming Plaintiff's telephonic payment.  The confirmation letter was sent to Plaintiff at the subject property.

**ANSWER:     Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

108.     Since Plaintiff received correspondence regarding the subject loan at the subject property in February 2017, Plaintiff had no reason to believe that Seterus was sending important information or documents to any other person or any other address.

**ANSWER:     Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

**F.     After accepting nine monthly payments, representing to Plaintiff that she was current, and sending Plaintiff correspondence to the subject property indicating that Plaintiff's payments were accepted, Seterus rejects Plaintiff's March 2017 payment and refers her case to foreclosure, where JBA falsely claims that Plaintiff had not made a payment on the subject loan since July 2016**

109.     On or about March 14, 2017, Plaintiff called Seterus to make the March 2017 payment on the subject loan and spoke with a representative of Seterus.

**ANSWER:     Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

110.     The Seterus representative asked several questions about bankruptcy, and Plaintiff responded that she had not filed bankruptcy, that it was her ex-husband who had filed bankruptcy, and that he was not responsible for making payments on the subject loan.

301892470v1 1007977

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

111. The Seterus representative then told Plaintiff that Seterus would not accept Plaintiff's payment because the subject loan was in default and the lender was going to foreclose.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

112. Plaintiff was shocked and confused and explained to the Seterus representative that she had not missed any payments since the Second Modification was approved, but the Seterus representative refused to accept Plaintiff's payment.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

113. On April 1, 2017, Plaintiff was served with a summons and foreclosure complaint for the case styled as *Fannie Mae v. Larson*, Case No. 2017 CH 000478 in the Circuit Court of the Eighteenth Judicial Circuit for the State of Illinois (the "foreclosure action").

**ANSWER:** **Upon information and belief, Defendant admits the allegations contained in this paragraph.**

114. JBA represented the holder of the subject loan, Fannie Mae, in the foreclosure action.

**ANSWER:** **Defendant objects to the allegations in this paragraph to the extent that they call purely for legal conclusions to which no response is required. To the extent a response is required, Defendant admits that it represented the plaintiff, Fannie Mae, in the foreclosure action.**

24

115.     In the foreclosure complaint JBA made several false and misleading statements, including that Plaintiff had "not paid the monthly installments of principal, interest, taxes and/or insurance for July, 2016 through the present . . . ."

**ANSWER:    Defendant admits that the foreclosure complaint stated that Plaintiff had failed to make monthly payments for July, 2016, through the present. Defendant denies that it made any false or misleading statements, denies that it is liable to Plaintiff, and denies the remaining allegations contained in this paragraph, if any.**

116.     Plaintiff was compelled to hire an attorney to defend her in the foreclosure action against the false claims made by JBA.

**ANSWER:    Defendant admits that Plaintiff hired an attorney in the foreclosure action.**

117.     The foreclosure action was only dismissed after Plaintiff completed yet another trial payment period and entered into a third modification agreement for the subject loan.

**ANSWER:    Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

**G.    Damages suffered by Plaintiff**

118.     As a direct and proximate result of Defendants' misconduct, Plaintiff was forced to pay an appearance fee in the foreclosure action.

**ANSWER:    Defendant admits that Plaintiff appeared in the foreclosure action. Defendant denies that Plaintiff appeared due to any wrongdoing by Defendant.**

119.     As a direct and proximate result of Defendants' misconduct, Plaintiff was forced to pay an attorney to defend her in the foreclosure action.

301892470v1 1007977

**ANSWER:** Defendant admits that Plaintiff was represented by an attorney in the foreclosure action. Defendant denies that Plaintiff was represented by an attorney due to any wrongdoing by Defendant.

120. As a direct and proximate result of Seterus' misconduct, the subject loan earned interest on payments that Seterus did not apply to the principal or interest on the subject loan.

**ANSWER:** Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

121. As a direct and proximate result of Seterus' misconduct, the subject loan earned interest on payments that Seterus rejected.

**ANSWER:** Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

122. Seterus also charged attorneys' fees, court costs, and other amounts to the subject loan arising from or related to the foreclosure action.

**ANSWER:** Upon information and belief, Defendant admits the allegations contained in this paragraph.

123. As a direct and proximate result of Seterus' misconduct, Plaintiff suffered extreme emotional distress and feared losing her home. When she was initially served with the foreclosure papers she became nauseated, cried, and her heart raced. Since she was served, and continuing through the filing of this complaint, Plaintiff has experienced anxiety and feelings of helplessness and hopelessness. She eats compulsively, and she cannot sleep through the night despite constantly feeling tired. Her mind races and she has trouble concentrating. She feels a persistent nervous tension in her body, and she paces around the house. She fears that her latest attempt at a loan modification will not work. The foreclosure process left Plaintiff confused, aggravated, humiliated, and deeply upset, and those feelings persist through the filing of this complaint.

301892470v1 1007977

**ANSWER:** Defendant denies that Plaintiff suffered damages as the result of its conduct. Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.

### COUNT I – VIOLATIONS OF RESPA
### (AGAINST SETERUS)

124. Plaintiff restates and realleges all prior paragraphs as though fully set forth herein.

**ANSWER:** Defendant repeats and restates its answers to all prior paragraphs as if fully set forth herein.

125. The subject loan is a "federally related mortgage loan" under RESPA and 12 C.F.R. § 1024.2.

**ANSWER:** Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.

126. Seterus is and has been the "servicer" of the subject loan under RESPA § 2605(i)(2) and 12 C.F.R. 1024.2 from March 1, 2016, through the present.

**ANSWER:** Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.

127. 12 C.F.R. § 1024.41(c)(1) states in relevant part:

**If a servicer receives a complete loss mitigation application more than 37 days before a foreclosure sale, then, within 30 days of receiving a borrower's complete loss mitigation application, a servicer shall:**

\*\*\*

**(ii) Provide the borrower with a notice in writing stating the servicer's determination of which loss mitigation options, if any, it will offer to the borrower on behalf of the owner or assignee of the mortgage loan. The servicer shall include in this notice the amount of time the borrower has to accept or reject an offer of a loss mitigation program as provided for in paragraph (e) of this section, if applicable, and a notification, if applicable, that the borrower has the right to appeal the denial of any loan modification option as well as the amount of time the borrower has to file such an appeal**

27

301892470v1 1007977

**and any requirements for making an appeal, as provided for in paragraph (h) of this section.**

**ANSWER:** **Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.**

128.     Seterus received a complete loss mitigation application more than 37 days before a foreclosure sale.

**ANSWER:** **Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.**

129.     Plaintiff is the "borrower" under 12 C.F.R. § 1024.41(c)(1).  As such, that section required Seterus to send Plaintiff a notice denying her permanent modification and notifying her of her right to appeal any such denial.

**ANSWER:** **Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.**

130.     Seterus violated 12 C.F.R. § 1024.41(c)(1)(ii) because Seterus did not send Plaintiff a written notice denying her for a permanent modification and notifying her of her right to appeal.

**ANSWER:** **Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.**

131.     12 C.F.R. § 1024.41(e)(1) states, in relevant part:

**[I]f a complete loss mitigation application is received 90 days or more before a foreclosure sale, a servicer may require that a borrower accept or reject an offer of a loss mitigation option no earlier than 14 days after the servicer provides the offer of a loss mitigation option to the borrower.**

**ANSWER:** **Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.**

301892470v1 1007977

132.     Seterus received a complete loss mitigation application more than 90 days before a foreclosure sale, but Seterus required Plaintiff to accept the permanent modification earlier than 14 days after Seterus had provided the permanent modification documents to her.

**ANSWER:     Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.**

133.     In fact, Seterus did not provide Plaintiff with an offer of a loss mitigation until after the acceptance deadline set by Seterus had already passed.

**ANSWER:     Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.**

134.     Seterus therefore violated 12 C.F.R. § 1024.41(e)(1).

**ANSWER:     Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.**

135.     12 C.F.R. § 1024.41(f) states, in relevant part:

**If a borrower submits a complete loss mitigation application . . . before a servicer has made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process, a servicer shall not make the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process unless:**

**(i)   The servicer has sent the borrower a notice pursuant to paragraph (c)(1)(ii) of this section that the borrower is not eligible for any loss mitigation option and the appeal process in paragraph (h) of this section is not applicable, the borrower has not requested an appeal within the applicable time period for requesting an appeal, or the borrower's appeal has been denied;**

**(ii)  The borrower rejects all loss mitigation options offered by the servicer; or**

**(iii) The borrower fails to perform under an agreement on a loss mitigation option.**

**ANSWER:     Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.**

301892470v1 1007977

136. Plaintiff submitted a complete loss mitigation application before Seterus gave her notice of the foreclosure.

**ANSWER:** **Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.**

137. Seterus violated 12 C.F.R. § 1024.41(f) by referring Plaintiff's account to foreclosure even though (i) Seterus had not sent Plaintiff the notice required under 12 C.F.R. 1024.41(c)(1)(ii), (ii) Plaintiff had not rejected all loss mitigation options offered by Seterus, and (iii) Plaintiff had performed under all agreements related to loss mitigation.

**ANSWER:** **Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.**

138. 12 C.F.R. § 1024.41(h) states in relevant part:

**(h) Appeal process.**

**(1) Appeal Process Required For Loan Modification Denials. If a servicer receives a complete loss mitigation application 90 days or more before a foreclosure sale or during the period set forth in paragraph (f) of this section, a servicer shall permit a borrower to appeal the servicer's determination to deny a borrower's loss mitigation application for any trial or permanent loan modification program available to the borrower.**

**(2) Deadlines. A servicer shall permit a borrower to make an appeal within 14 days after the servicer provides the offer of a loss mitigation option to the borrower pursuant to paragraph (c)(1)(ii) of this section.**

**ANSWER:** **Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.**

139. Seterus received a complete loss mitigation more than 90 days before a foreclosure sale.

**ANSWER:** **Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.**

301892470v1 1007977

140.    Seterus violated 12 C.F.R. § 1024.41(h) by failing to permit Plaintiff to appeal its determination to deny the loss mitigation application.

**ANSWER:    Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.**

141.    RESPA Section 2605(k)(1)(E) states, in relevant part:

**A servicer of a federally related mortgage shall not . . . fail to comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.**

**ANSWER:    Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.**

142.    By violating 12 C.F.R. §§ 1024.41(c)(1)(ii), (e)(1), (f), and (h), 1024.40, and 10.24.38, Seterus also violated Section (k)(1)(E) of RESPA.

**ANSWER:    Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.**

143.    Seterus' RESPA violations occurred from at least January 2015 through June 2015.

**ANSWER:    Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.**

144.    Seterus' failure to comply with RESPA is part of a pattern and practice of non-compliance with the provisions of RESPA.

**ANSWER:    Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.**

145.    Upon information and belief, Seterus' failure to comply with RESPA was intentional and willful.

**ANSWER:    Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.**

301892470v1 1007977

146.     Plaintiff suffered damages as a result of Seterus' misconduct, including as set forth above.

**ANSWER:     Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.**

### COUNT II – VIOLATIONS OF ICFA
### (AGAINST SETERUS)

147.     Plaintiff restates and realleges all prior paragraphs as though fully set forth herein.

**ANSWER:     Defendant repeats and restates its answers to all prior paragraphs as if fully set forth herein.**

148.     Plaintiff is a "consumer" and "person" as defined under Sections 1(c) and (e) of ICFA.

**ANSWER:     Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.**

149.     Seterus is a "person" as defined under Section 1(e) of ICFA.

**ANSWER:     Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.**

150.     Section 2 of ICFA prohibits unfair or deceptive acts or practices and states, in relevant part, as follows:

**Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of such material fact, or the use or employment of any practice described in section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.**

**ANSWER:     Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.**

301892470v1 1007977

151.    Seterus violated Section 2 of ICFA by engaging in unfair acts in the course of conduct involving trade or commerce when dealing with Plaintiff.

**ANSWER:    Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.**

152.    Seterus made unfair representations to Plaintiff as to the status of the Second Modification and Seterus' intentions regarding the Second Modification.

**ANSWER:    Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.**

153.    It was unfair for Seterus to, among other things:

a)    Offer a loan modification premised on Plaintiff making trial period payments and then fail to follow through after Plaintiff made those payments;

b)    Fail to provide Plaintiff with the permanent loan modification documents, and deny her a loan modification premised on Plaintiff not signing and returning permanent modification documents that Seterus never sent to her or the subject property address;

c)    Accept application documents solely from Plaintiff, but then send the permanent modification documents to Plaintiff's ex-husband's bankruptcy attorney without any notice to Plaintiff and without any notice that Plaintiff was represented by Plaintiff's ex-husband's bankruptcy attorney;

d)    For the Second Modification, to send all documents relating to the trial period plan to Plaintiff at the subject property, but then send documents that would make such modification permanent to a different address without any notice to Plaintiff;

e)    Continue to accept monthly payments after Plaintiff made the trial period payments without informing Plaintiff that Seterus claimed she had defaulted on the Second Modification;

f)    Tell Plaintiff that those monthly payments were what was due, then later claim that substantially more was due because the subject loan was in default;

g)    Reject Plaintiff's March 2017 payment and falsely claim that Plaintiff had failed to complete the requirements for a permanent modification;

h)    Refer Plaintiff's account to JBA for foreclosure;

301892470v1 1007977

i) Falsely claim to JBA that Plaintiff had failed to complete the requirements of a permanent modification and that Plaintiff's home should be foreclosed on;

j) Refuse to complete the Second Modification, even after confirming that Seterus had never provided Plaintiff with the permanent modification documents; and

k) Require Plaintiff to enter into a new modification agreement to save her home from foreclosure.

**ANSWER: Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.**

154. It was unfair for Seterus to refuse to communicate with Plaintiff clearly about the status of the subject loan and the Second Modification.

**ANSWER: Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.**

155. Seterus' communications and conduct were purposefully confusing, misleading, oppressive, and designed to maximize profits from a scheme to collect trial period payments and willfully ignore loss mitigation and loan modification rules by covertly rejecting applications, without notice or warning, and selling homes in foreclosure sales after collecting trial period payments.

**ANSWER: Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.**

156. Plaintiff relied on Seterus' actions by, (a) making payments under the trial period plan, (b) continuing to make monthly payments after completing the trial period plan, (c) paying the appearance fee in the foreclosure action, and (d) hiring an attorney to defend her in the foreclosure action.

**ANSWER: Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.**

301892470v1 1007977

157.    Plaintiff's inquiries to Seterus after learning of the foreclosure action were never adequately investigated or accurately answered.

**ANSWER:    Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.**

158.    Seterus' conduct was willful, malicious, unfair, and arbitrary.

**ANSWER:    Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.**

159.    Seterus' conduct offends public policy as it demonstrates an industry-wide practice of improperly soliciting trial period payments without actually providing the necessary paperwork required to permanently modify the mortgage loan and instead pursuing foreclosure on the home.

**ANSWER:    Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.**

160.    Seterus' actions cause substantial injury to consumers generally because:

  a)    consumers reasonably expect their mortgage servicer's promises to be honored and their loans and accounts to be properly managed;

  b)    consumers reasonably expect that creditors and loan servicers will communicate with them truthfully and accurately regarding their account;

  c)    consumers reasonably expect that loan servicers will not induce payments on false or unfair pretenses;

  d)    consumers reasonably expect that large corporations will honor and respect federal regulations; and

  e)    consumers do not expect to be blindsided by a sudden foreclosure action after relying upon unfair or misleading representations regarding a permanent loan modification.

**ANSWER:    Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.**

301892470v1 1007977

161. Seterus' overall scheme was designed to thwart Plaintiff's attempts to enforce the loan modification and to discourage Plaintiff from continuing to fight for her home.

**ANSWER: Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.**

162. Plaintiff could not avoid these immoral undertakings because Seterus did not timely provide the required documents for the permanent loan modification, even though Plaintiff made all required trial period payments and continued paying each month thereafter. After learning that it was all a ruse, Plaintiff was forced into a perpetual state of anxiety and confusion, depriving her of a peaceful existence.

**ANSWER: Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.**

163. Seterus' conduct was unethical, and Plaintiff had no actual control over: (a) Seterus' failure to send Plaintiff the necessary documents to complete the permanent loan modification; (b) Seterus' misleading and unfair representations regarding the status of the Second Modification and the subject loan; (c) Seterus' decision to refer Plaintiff's account to foreclosure even though Plaintiff had performed all requirements for a permanent modification; (d) Seterus' decision to refer Plaintiff's account to foreclosure even though Seterus had in its possession documents and other evidence showing that Plaintiff had been making monthly payments from June 2016 through February 2017; (e) Seterus' decision to maintain the foreclosure referral even after Plaintiff informed Seterus that she had made monthly payments for the prior nine months and that Seterus had never provided her with permanent modification documents; (f) how Seterus treated the subject loan and the modification process internally; or (g) whether Seterus' representations were fair, accurate, and truthful.

301892470v1 1007977

**ANSWER:** Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.

164. All of Seterus' conduct described herein occurred in the course of conduct involving trade or commerce and Seterus' communications were directed into the State of Illinois.

**ANSWER:** Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.

165. Seterus failed to employ appropriate mechanisms to reasonably resolve Seterus' servicing and loan modification errors.

**ANSWER:** Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.

166. Seterus' conduct is part of a pattern and practice of behavior in which Seterus routinely engages as part of its business model. It is Seterus' normal business practice to disregard existing agreements and state and federal law for its own pecuniary gain, to the detriment of consumers.

**ANSWER:** Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.

167. An award of punitive damages is appropriate because Seterus' conduct was outrageous, willful, wanton, and showed reckless disregard for the rights of Plaintiff.

**ANSWER:** Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.

168. Plaintiff suffered damages as a result of Seterus' misconduct, including as set forth above.

**ANSWER:** Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.

301892470v1 1007977

## COUNT III – VIOLATIONS OF THE FDCPA
### (AGAINST SETERUS)

169.    Plaintiff restates and realleges all prior paragraphs as though fully set forth herein. Plaintiff restates and realleges all prior paragraphs as though fully set forth herein.

**ANSWER:    Defendant repeats and restates its answers to all prior paragraphs as if fully set forth herein.**

170.    Plaintiff is a consumer under Section 1692a(3) of the FDCPA, as the subject loan was extended on Plaintiff's primary residence and was strictly for personal, family, and household purposes.

**ANSWER:    Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.**

171.    The subject loan qualifies as a "debt" under Section 1692a(5) of the FDCPA.

**ANSWER:    Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.**

172.    Seterus is a "debt collector" under Section 1692a(6) of the FDCPA because, (a) it regularly collects debts and uses the mail or telephone to collect delinquent consumer accounts, (b) the principal purpose of its business is to collect debts, and (c) the subject loan was allegedly in default when it acquired servicing and/or enforcement rights thereto.

**ANSWER:    Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.**

**A.    Violations of 1692c, 1692d, 1692e, and 1692f of the FDCPA**

173.    Sections 1692c, 1692d, 1692e, and 1692f of the FDCPA state, in relevant part, as follows:

**§ 1692c.  Communication in connection with debt collection**

38

Communication with third parties. Except as provided in section 804 [15 USCS § 1692b], without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

§ 1692d.  Harassment or abuse

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

§ 1692e.  False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*\*\*

> (2) The false representation of—(A) the character, amount, or legal status of any debt; or (B) the services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

\*\*\*

> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

\*\*\*

> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

\*\*\*

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

§ 1692f.  Unfair practices

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

> ANSWER:  Defendant does not respond to the allegations contained in this

paragraph because this Count makes no allegations against it.

301892470v1 1007977

174. In its attempts to collect a debt from Plaintiff, Seterus violated the FDCPA by, among other things:

    a.    communicating with Mr. Sheils, who was not Plaintiff's attorney, in connection with the collection of the subject loan from Plaintiff, in violation of Section 1692c;

    b.    referring Plaintiff's account to foreclosure, which had the natural consequence of harassing, oppressing, and abusing Plaintiff, in violation of Section 1692d;

    c.    making false representations to Plaintiff regarding (a) the status of and process for completing the Second Modification, (b) the amounts due on the subject loan, and (c) Plaintiff's payments and alleged defaults on the subject loan, in violation of Sections 1692e, e(2), e(5), and e(10);

    d.    threatening Plaintiff with foreclosure when Plaintiff had made all payments required for and consistent with the Second Modification and had not defaulted on any obligations thereunder, when such action could not legally be taken, in violation of Section 1692e(5);

    e.    communicating and threatening to communicate to JBA and Fannie Mae credit information regarding the subject loan which Seterus knew or should have known to be false, in violation of Section 1692e(8);

    f.    referring Plaintiff's account to foreclosure, which was unfair and unconscionable under the circumstances, in violation of Section 1692f; and

    g.    sending important and time-sensitive communications only to Mr. Sheils, and not to Plaintiff, regarding modification of the subject loan, which was unfair and unconscionable under the circumstances, in violation of Section

**ANSWER:** **Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.**

175. Plaintiff suffered damages proximately caused by Seterus's conduct, including as set forth above.

**ANSWER:** **Defendant does not respond to the allegations contained in this paragraph because this Count makes no allegations against it.**

40

## COUNT IV – VIOLATIONS OF THE FDCPA
### (AGAINST JBA)

176. Plaintiff restates and realleges all prior paragraphs as though fully set forth herein. Plaintiff restates and realleges all prior paragraphs as though fully set forth herein.

**ANSWER: Defendant repeats and restates its answers to all prior paragraphs as if fully set forth herein.**

177. Plaintiff is a consumer under Section 1692a(3) of the FDCPA, as the subject loan was extended on Plaintiff's primary residence and was strictly for personal, family, and household purposes.

**ANSWER: Defendant objects to the allegations in this paragraph to the extent that they call purely for legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the subject loan was a mortgage on Plaintiff's residence.**

178. The subject loan qualifies as a "debt" under Section 1692a(5) of the FDCPA.

**ANSWER: Defendant objects to the allegations in this paragraph to the extent that they call purely for legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the subject loan was a mortgage on Plaintiff's residence.**

179. JBA is a "debt collector" under Section 1692a(6) of the FDCPA because it regularly collects debts due or owed to another and it and uses the mail or telephone to collect delinquent consumer accounts.

**ANSWER: Defendant admits that, in certain circumstances and certain instances, it acts as a debt collector under the FDCPA.**

180. By serving the foreclosure action complaint upon Plaintiff, JBA conveyed information regarding the subject loan/consumer debt to Plaintiff.

301892470v1 1007977

**ANSWER:** Defendant admits that the foreclosure complaint contained information about the subject mortgage loan and the property that secured it.

A. **Violations of 1692d, 1692e, and 1692f of the FDCPA**

181. Sections 1692d, 1692e, and 1692f of the FDCPA state, in relevant part, as follows:

**§ 1692d. Harassment or abuse**

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

**§ 1692e. False or misleading representations**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*\*\*

(2) The false representation of—(A) the character, amount, or legal status of any debt; or (B) the services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

\*\*\*

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

**§ 1692f. Unfair practices**

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

**ANSWER:** Defendant admits that Plaintiff purports to cite sections of the FDCPA. Defendant denies that it violated the FDCPA and denies that it is liable to Plaintiff.

182. For the purposes of Section 1692e of the FDPCA, the foreclosure action complaint was a "communication" under Section 1692a(2) of the FDCPA.

**ANSWER:** Defendant objects to the allegations in this paragraph to the extent that they call purely for legal conclusions to which no response is required. To the extent a

301892470v1 1007977

response is required, Defendant admits that the foreclosure complaint contained information about the subject mortgage loan and the property that secured it.

183. By filing the foreclosure action against Plaintiff, JBA was attempting to collect the subject loan from Plaintiff.

**ANSWER:** Defendant admits the allegations contained in this paragraph.

184. In its attempts to collect the subject loan from Plaintiff, JBA violated the FDCPA by, among other things:

a. falsely stating in the foreclosure complaint, the contents of which JBA communicated to Plaintiff, that Plaintiff had not made payments on the subject loan starting in July 2016, in violation of Sections 1692e, e(2), and e(10);

b. making false representations to Plaintiff regarding Plaintiff's payments on the subject loan and the amounts due on the subject loan, in violation of Sections 1692e, e(2), and e(10);

c. filing and prosecuting a foreclosure action against Plaintiff that was without merit, which had the natural consequence of harassing, oppressing, and abusing Plaintiff, in violation of Section 1692d; and

d. filing and prosecuting a foreclosure action against Plaintiff that was without merit, which was unfair and unconscionable, in violation of Section 1692f.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

185. Plaintiff suffered damages proximately caused by JBA's misconduct, including as set forth above.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

301892470v1 1007977

## AFFIRMATIVE DEFENSES

### First Affirmative Defense – Standing

Defendant asserts that Plaintiff lacks standing to bring the instant claims because Plaintiff has no injury in fact, and thus she has no standing under Article III of the United States Constitution.

### Second Affirmative Defense – Bona Fide Error

Defendant asserts that any violation of the Fair Debt Collection Practices Act was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. Defendant maintains procedures and protocols to comply with and conform to the requirements of the Fair Debt Collection Practices Act. These procedures and protocols are reasonably adapted to avoid a violation of the Fair Debt Collection Practices Act.

WHEREFORE, Defendant, respectfully requests that the Court dismiss the Complaint in its entirety, enter judgment in favor of Defendant, Johnson Blumberg & Associates, LLC, on Plaintiff's Complaint and grant such other and further relief in its favor as the Court deems just and proper.

Respectfully submitted,

JOHNSON BLUMBERG & ASSOCIATES, LLC


By:/s/ *Louis J. Manetti, Jr.*
    Louis J. Manetti, Jr.

Justin M. Penn
Louis J. Manetti, Jr.
Hinshaw & Culbertson LLP
151 North Franklin Street
Suite 2500
Chicago, IL 60606
Telephone: (312) 704-3000
Facsimile: (312) 704-3001
jpenn@hinshawlaw.com
lmanetti@hinshawlaw.com

301892470v1 1007977

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 24, 2018 I electronically filed Defendant, Johnson Blumberg & Associates, LLC's, Answer and Affirmative Defenses to Plaintiff's Complaint with the Clerk of the Court using the CM/ECF system, reflecting service to be served upon all parties of record.

/s/Louis J. Manetti, Jr.

301892470v1 1007977